United States District Court
for the District of New Jersey

| | |
|---|---|
| TRAVELODGE HOTELS, INC., a Delaware Corporation, | |
| *Plaintiff*, | Civil No: 15-5598 (KSH)(CLW) |
| V. | |
| LC STAR INV. CO, an Alaska Company; CHUNG KI CHOE, an individual; HUNG P. HONG, an individual, | **OPINION AND ORDER** |
| *Defendants*. | |

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court on a motion by plaintiff, Travelodge Hotels, Inc. ("THI"), seeking a final judgment by default against defendants Chung Ki Choe ("Choe") and LC Star Inv. Co. ("LC Star"), pursuant to *Federal Rule of Civil Procedure* 55(b)(2).

### I.  Background

THI alleges in a complaint (D.E. 1 ("Compl.")) filed on July 1, 2015, that on or around May 18, 2011, it entered into a Franchise Agreement (D.E. 1, Ex. A ("Franchise Agreement")) with defendant LC Star. The parties to the License Agreement contracted to operate a 95-room Travelodge hotel (the "Facility") in Anchorage, Alaska for a 15-year term. (Compl. ¶¶ 9, 10.) While operating the Facility, LC Star was required to make certain recurring payments for royalties, service assessments, taxes, interest, reservation system user fees, and other fees. (Compl. ¶ 11.) THI could terminate the Franchise Agreement if LC Star discontinued operating the Facility or lost possession of, or the right to possess, the Facility. (Compl. ¶ 15; Franchise Agreement.) Chung Ki Choe and Hung P. Hong signed a Guaranty (D.E. 1, Ex. C ("Guaranty"))

1

which provided that in the event of default, they would be "jointly and severally" liable to perform or to pay THI for LC Star's unperformed or unpaid obligations under the Franchise Agreement. (Compl. ¶¶ 18, 19; Guaranty.)

On or around May 23, 2014, LC Star ceased operating the Facility as a Travelodge hotel. (Compl. ¶ 21.) Stemming from this alleged breach of the Franchise Agreement, THI asserts in the sixth and final count of its complaint that the Choe and Hung have failed to perform as they are obligated and are therefore liable for recurring fees of $100,743.72. (Compl. ¶¶ 44-46.)

Choe was served on October 19, 2015 (D.E. 12). After he failed to respond or otherwise answer the complaint, on November 20, 2015, the Clerk of Court entered default against him. Similarly, despite service to LC Star on August 17, 2015, it failed to file or otherwise respond to the complaint. Accordingly, default was entered on November 30, 2015. Shortly thereafter, on December 4, 2015, Choe wrote to the court requesting time to find an attorney and file an answer. (D.E. 15.) The Court ordered that defendants Choe and LC Star retain counsel and answer by March 14, 2015. (D.E. 18.) Neither Choe nor LC Star provided the Court with an answer or proof that they retained counsel by the prescribed deadline. On March 24, 2016, THI moved for final judgment by default as to defendants Cho and LC Star. Hung answered the complaint and asserted crossclaims against Choe and LC Star on September 25, 2015; the case continues to move forward against him.

## II.     Default Judgment and Discussion

In evaluating a motion for default judgment, the Court must first determine whether the Clerk of Court properly entered default. *Fed. R. Civ. P.* 55(a). Because Choe and LC Star have failed to formally enter an appearance, file an answer, or in any way respond to the complaint, beyond Choe's request for an extension, the entry of default is proper in this case.

"As a general matter, even when a party is properly in default, the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court." *Ramada Worldwide Inc. v. Abel Lodging, LLC*, 2014 WL 5361914, at *1 (D.N.J. Oct. 21, 2014) (Linares, J.); *see, e.g., Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir. 1984). Where a motion for default judgment is made as to only one defendant in a multi-defendant case, "the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on [the] merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Animal Sci. Products, Inc. v. China Nat. Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp.2d 842, 849 (D.N.J. 2008) (Brown, J.) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)); *see also* Charles A. Wright et. al., 10A Fed. Prac. & Proc. Civ. § 2690 (3d ed. 2015) ("judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted"). To avoid potential absurdities that could result from inconsistent judgments, this practice is most strictly applied where the alleged liability is joint and several. *See e.g., Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986) (citing *Golf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1511-12 (11th Cir. 1984) (finding default judgment "incongruous and unfair" where defendants were jointly and severally liable)); *see also Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, 2016 WL 54676 (D.N.J. Jan. 5, 2016) (Walls, J.) (declining to grant default judgment against one of two defendant where it would "create the risk of potentially inconsistent judgments").

  Here, the Guaranty imposes liability "jointly and severally" between the guarantors (Choe and Hung), and the action is proceeding on the merits against Hung. Under these

3

circumstances the Court withholds granting default judgment against Choe and LC Star until this lawsuit is either resolved on the merits or all defendants have defaulted.

### III. Conclusion and Order

For the foregoing reasons, THI's application for default judgment is denied without prejudice.

Based on the foregoing,

**IT IS** on this 21st day of April, 2016,

**ORDERED** that THI's motion for default judgment as to LC Star Inv. Co. and Chung Ki Choe is **denied** without prejudice to refile at the conclusion of the case between THI and the remaining defendant, Hung P. Hong.

    /s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.